■ Steven Lagoa, an Infant, by His Mother and Natural Guardian, Evette Maldondo, et al., Appellants, v Joremi Enterprises Inc., Respondent. [846 NYS2d 905]—Order, Supreme Court, Bronx County (Sallie Manzanet-Daniels, J.), entered February 28, 2007, which, upon granting defendant's motion for reargument, denied plaintiffs' earlier motion for summary judgment on the issue of liability, unanimously affirmed, without costs.

In order to establish causation, plaintiffs must directly link the child's condition to lead in the apartment (*Munoz v Puretz,* 301 AD2d 382, 384 [2003]). Plaintiffs' expert opined that lead poisoning was the substantive cause of that condition. While defendant's expert did not dispute the exposure to lead, he opined that the amount of exposure in the apartment and the levels of lead in the child's blood were not enough to cause the medical condition. This sufficiently raised a triable issue of fact on liability. Concur—Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.